IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 7, 2003 Session

## STATE OF TENNESSEE v. MICHAEL D. EVANS

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Roane County**
**No. 11,301     E. Eugene Eblen, Judge**

---

**No. E1997-00325-SC-R11-CD - Filed June 19, 2003**

---

We granted this appeal primarily to clarify the procedure that governs when a trial court or the Court of Criminal Appeals determines that a criminal defendant was unilaterally deprived of the right to seek second-tier review pursuant to Tennessee Rule of Appellate Procedure 11. We conclude that Tennessee Supreme Court Rule 28, section (9)(D) has superseded the procedural framework of State v. Pinkston, 668 S.W.2d 676 (Tenn. Crim. App. 1984). However, the State has raised valid concerns about voids in the procedure, and as a result, we have filed contemporaneously with this opinion an order publishing for public comment a proposed amendment to Rule 28, section (9)(D). The amendment addresses the concerns raised by the State in this case, as well as other procedural issues likely to arise in the delayed appeal context. The Court solicits comments from all interested parties. Although the trial court's order granting a delayed appeal in this case contained inappropriate language purporting to "vacate[] and reinstate[]" the judgment of the Court of Criminal Appeals, the trial court otherwise substantially complied with the procedure set forth in Rule 28, Section (9)(D). Therefore, the defendant's delayed application for permission to appeal was properly filed in this Court. This Court granted the application, and after reviewing the record and considering the issues raised, we conclude that none of the assigned errors warrant reversal. Therefore, the judgment of the Court of Criminal Appeals is affirmed.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Affirmed**

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, JJ, and HERSCHEL PICKENS FRANKS, SP.J., joined.

John McFarland, Kingston, Tennessee, for the appellant, Michael D. Evans.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; Charles Hawk, District Attorney General; Dennis Humphrey, Assistant District Attorney General; and James Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I.  Factual and Procedural Background

Michael D. Evans was convicted in the Roane County Criminal Court in 1996 on four counts of rape of a child[1] and three counts of statutory rape.[2]  He was sentenced to concurrent fifteen-year terms on each child rape conviction and to one-year concurrent terms on each statutory rape conviction, for an effective sentence of fifteen years at one hundred percent.  In his direct appeal, Evans, by and through counsel, argued that his convictions should be overturned because the indictments failed to allege the necessary element of mens rea, the evidence was insufficient, and the trial court erroneously failed to instruct the jury on the lesser-included offense of aggravated sexual battery.  The Court of Criminal Appeals dismissed one of the child rape convictions on double jeopardy grounds, but it affirmed the remaining convictions and the sentences imposed.  Counsel for Evans failed to file a Rule 11 application for permission to appeal from the decision of the Court of Criminal Appeals. Thus, mandate issued on February 20, 1998.

On October 29, 1998, Evans filed a petition for post-conviction relief in the Roane County Criminal Court, alleging, among other things, that his attorney's ineffective, deficient performance unilaterally deprived him of the right to seek second-tier review pursuant to Tennessee Rule of Appellate Procedure 11 in violation of Pinkston v. State, 668 S.W.2d 676 (Tenn. Crim. App.), perm. app. denied (Tenn. 1984).  The trial court held a hearing on this issue and, in an order entered September 9, 2002, granted Evans a delayed appeal.  The trial court's order also purported to "vacate[] and reinstate[]" the judgment of the Court of Criminal Appeals "for the sole purpose of reinstating the time allowed to obtain permission to appeal to the Tennessee Supreme Court." Acting on the authority of the trial court's order, Evans filed in this Court on November 9, 2002, an application for permission to appeal.  The State responded with a motion to dismiss, arguing that the application was untimely and that under Pinkston the trial court had no authority to grant relief on Evans's claim that he was deprived of the right to seek second-tier review.  This Court granted the defendant's application, and in addition, requested that the parties address the following issue: "Should the State's motion to dismiss the appeal be granted on the basis that an inappropriate procedure was used to effectuate a delayed appeal to this Court?"

## II.  Delayed Appeal - Governing Procedure

We must first consider whether the trial court had the authority to grant Evans relief on his claim that he was unilaterally deprived of his right to seek second-tier review.  We begin with Pinkston in which the Court of Criminal Appeals held that the unilateral termination of a direct appeal following first-tier review entitles a petitioner to post-conviction relief in the form of a

---

[1]Tenn. Code Ann. § 39-13-522(a).

[2]Tenn. Code Ann. § 39-13-506.

delayed appeal. 668 S.W.2d at 677. In other words, Pinkston stands for the proposition that a person deprived of the opportunity of seeking second-tier review through no fault of his or her own may obtain a delayed appeal to this Court. The Court of Criminal Appeals in Pinkston implemented its holding by adopting a procedural framework which required the trial court to conduct an evidentiary hearing to determine whether a factual basis existed supporting the claimed denial of second-tier review. Id. However, even where a factual basis existed, the trial court was not authorized to grant relief directly but was instead required to deny the claim on the basis that it had no authority or jurisdiction to act upon the judgment of the Court of Criminal Appeals. Id. Once the claim was denied, the petitioner could appeal and request that the Court of Criminal Appeals vacate and reinstate its original judgment, thus reactivating the time period for filing an application for permission to appeal. Id. at 678.

In this appeal, both Evans and the State acknowledge the existence of the substantive right to seek second-tier review recognized in Pinkston. Moreover, the State, in its motion to dismiss, initially insisted that the procedural framework of Pinkston remains valid so that the trial court in this case erred by granting Evans a delayed appeal, rather than denying the claim and allowing Evans to proceed to the Court of Criminal Appeals. However, in its supplemental brief and during oral argument, the State conceded that the procedures set out in Tennessee Supreme Court Rule 28, section (9)(D) have superseded the procedural framework enunciated in Pinkston. We agree.

In 1995, the General Assembly enacted Tennessee Code Annotated section 40-30-218, which provides in pertinent part as follows:

> The supreme court may promulgate rules of practice and procedure consistent with this part, including rules prescribing the form and contents of the petition, the preparation and filing of the record and assignments of error for simple appeal and for delayed appeal in the nature of a writ of error, and may make petition forms available for use by petitioners.

Consistent with this statute, Supreme Court Rule 28 was adopted in 1995. This rule does not create substantive rights but instead provides the procedure for implementing the 1995 Post-Conviction Procedures Act consistent with existing rights. Rule 28, section (9)(D) provides:

> Upon determination by the trial court or the Court of Criminal Appeals that petitioner was deprived of the right to request an appeal pursuant to Rule 11, Tennessee Rules of Appellate Procedure, the petitioner shall have sixty (60) days from entry of the court's order granting the delayed appeal to seek Rule 11 review. In such cases, and in cases in which the trial court or the Court of Criminal Appeals determines that petitioner was deprived of the right to an appeal pursuant to Rule 3, Tennessee Rules of Appellate Procedure, the trial court or the Court of Criminal Appeals shall stay the post-conviction proceedings pending the final disposition of the delayed appeal. If new issues arise from the handling of the delayed appeal, the original post-conviction petition may be amended to include such new issues, and if the case is stayed in the

-3-

Court of Criminal Appeals, it may be remanded to the trial court for the taking of evidence on such new issues.

Clearly, this provision affords to trial courts the authority to grant delayed appeals as post-conviction relief. As the State now concedes, Rule 28, section (9)(D) supersedes the procedural framework set forth in Pinkston. While the trial court in this case erred by including language in the order purporting to vacate and reinstate the judgment of the Court of Criminal Appeals, we agree with the State that this inappropriate language did not invalidate that portion of the trial court's order granting Evans a delayed appeal. Accordingly, Evans's Rule 11 application for permission to appeal was properly filed in this Court.

The State properly points out, however, that Rule 28, section (9)(D) is silent as to several important issues such as the content and filing of the record in delayed appeal cases and the procedure by which the State may challenge a lower court's decision granting a delayed appeal. Acknowledging that these issues are not presented in this case, the State nonetheless urges this Court to amend Rule 28, section (9)(D) to address these concerns. The State has raised valid concerns, and as a result, we have filed contemporaneously with this opinion an order publishing for public comment a proposed amendment to Rule 28, section (9)(D). The amendment addresses the State's concerns, as well as other procedural issues likely to arise in the delayed appeal context. The Court solicits comments from all interested parties.

## III. Delayed Appeal Legal Issues

Having concluded that the defendant's delayed application for permission to appeal was properly filed in this Court, we will next consider the merits of his appeal. The defendant raises two issues in this Court.

### A. Sufficiency of the Evidence

The defendant first challenges the sufficiency of the evidence to support his convictions. The proper inquiry for an appellate court reviewing a challenge to the sufficiency of the evidence to support a conviction is whether, considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999). "A guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court does not re-weigh or re-evaluate the evidence. Id. Nor may this Court substitute its inferences drawn from circumstantial evidence for those drawn by the trier of fact. See State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000). A verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, and on appeal the defendant has the burden of illustrating why the evidence is insufficient to support the verdict rendered by the jury. Carruthers, 35 S.W.3d at 557-58; State

-4-

v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In contrast, the State on appeal is entitled to the strongest legitimate view of the trial evidence and all reasonable and legitimate inferences which may be drawn from the evidence. See Carruthers, 35 S.W.3d at 557-58; Hall, 8 S.W.3d at 599; Bland, 958 S.W.2d at 659.

Considering the evidence in this record in accordance with these principles, we have no hesitation in holding that the evidence is sufficient to support the defendant's convictions of rape of a child and statutory rape. The December 9, 1997, opinion of the Court of Criminal Appeals graphically describes the acts of the defendant, and the proof need not be restated in detail herein. Suffice it to say that both victims, ages twelve and fourteen, testified as to the defendant's unlawful sexual penetration. The defendant confessed to the crimes and stated that "I had sex with [C.L.] and [L.M.], just like they said."[3] The Court of Criminal Appeals properly applied this Court's decision in State v. Phillips, 924 S.W.2d 662 (Tenn. 1996), when evaluating the sufficiency of the proof to support the multiple convictions of rape of a child. The defendant raises other matters which involve the credibility of witnesses. The jury resolved these credibility issues in favor of the prosecution and against the defense. We will not substitute our judgment for that of the jury. The evidence clearly is sufficient to support the convictions. This issue is without merit.

### B. Lesser-Included Offense Instructions

The defendant next contends that aggravated sexual battery is a lesser-included offense of rape of a child and that the trial court erred in failing to charge the jury on this lesser-included offense. While the State does not dispute that aggravated sexual battery is a lesser-included offense of rape of a child, the State asserts that the trial court did not err in failing to instruct on aggravated sexual battery in this case because the proof clearly established sexual penetration and the record is "devoid of any acts of mere sexual contact." Alternatively, the State argues that, if the trial court erred in failing to instruct aggravated sexual battery as a lesser-included offense, the error was harmless beyond a reasonable doubt under this Court's decision in State v. Allen, 69 S.W.3d 181 (Tenn. 2002).

In State v. Elkins, 83 S.W.3d 706, 713 (Tenn. 2002), this Court recognized that aggravated sexual battery is a lesser-included offense of rape of a child, and the State is not disputing that proposition in this case. Once a Court determines that an offense is lesser-included, the Court then must determine "whether the evidence justifies a jury instruction on such lesser offense." State v. Burns, 6 S.W.3d 453, 467 (Tenn. 1999). "The mere existence of a lesser offense to a charged offense is not sufficient alone to warrant a charge on that offense." Id. at 468.

Having found that aggravated sexual battery is a lesser-included offense of rape of a child, we normally would proceed next to determine whether the evidence adduced at trial was sufficient to justify a jury instruction on this lesser-included offense. In this case, however, such an analysis is unnecessary because we find that, even assuming that the evidence would support an aggravated

---

[3]It is the policy of this Court to use initials when referring to minor victims.

sexual battery instruction, any error on the part of the trial court in failing to give such an instruction was harmless beyond a reasonable doubt for the reasons that follow. See State v. Bowles, 52 S.W.3d 69, 77 (Tenn. 2001) (declining to determine whether the evidence adduced at trial was sufficient to justify an instruction on sexual battery because, even if an instruction was warranted, any error in failing to instruct was harmless beyond a reasonable doubt).

Rape of a child is defined as "the unlawful sexual penetration of a victim" under thirteen years of age. See Tenn. Code Ann. § 39-13-522(a). "Sexual penetration" means "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required." Tenn. Code Ann. § 39-13-501(7). By contrast, aggravated sexual battery requires "unlawful sexual contact" with a victim less than thirteen years of age. Tenn. Code Ann. § 39-13-504(4). Unlawful sexual contact includes "the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Tenn. Code Ann. § 39-13-501(6).

As stated in Allen, "[a]n erroneous failure to give a lesser-included offense instruction will result in reversal unless a reviewing court concludes beyond a reasonable doubt that the error did not affect the outcome of the trial." 69 S.W.3d at 189. In making this determination, "a reviewing court should conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." Allen, 69 S.W.3d at 191. In this case, the proof of penetration was overwhelming. Both victims testified as to the defendant's unlawful sexual penetration of C.L., the twelve-year-old victim, on May 3 and May 5, 1995. Furthermore, the defendant confessed to having sex with both victims, as they had stated. There was no evidence indicating that the conduct was limited to unlawful sexual contact rather than unlawful sexual penetration. In fact, the trial court acknowledged the overwhelming weight of the evidence when he denied the defendant's request for an instruction on aggravated sexual battery, explaining that "[a]ll the proof as to each count was a sexual penetration." Therefore, even assuming the trial court erred in failing to instruct on aggravated sexual battery, we conclude beyond a reasonable doubt that the error did not affect the outcome of the trial.

## IV. Conclusion

We conclude that Tennessee Supreme Court Rule 28, section (9)(D) has superseded the procedural framework outlined in Pinkston. As a result, the defendant's delayed application for permission to appeal was properly filed in this Court. Nonetheless, after reviewing the record and considering the errors assigned, we conclude that reversal is not warranted as no error affected the outcome of the defendant's trial. Accordingly, the judgment of the Court of Criminal Appeals is affirmed. Filed contemporaneously with this opinion is an order publishing for public comment a proposed amendment to Supreme Court Rule 28, section (9)(D). The amendment addresses the procedural concerns raised by the State in this case, as well as other procedural issues likely to arise

in the context of delayed appeals.  The Court solicits comments from all interested parties.  It appearing that the defendant is indigent, costs of this appeal are taxed to the State of Tennessee, for which execution may issue if necessary.

_____

FRANK F. DROWOTA, III,
CHIEF JUSTICE