IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## STATE OF TENNESSEE v. CUMECUS RODRELLE CATES

**Direct Appeal from the Criminal Court for Knox County**
**No. 71662     Mary Beth Leibowitz, Judge**

———————————

**No. E2003-01778-CCA-R3-CD - Filed December 15, 2004**

———————————

Following a jury trial, the Defendant was convicted of aggravated burglary and misdemeanor theft. On appeal, he challenges the sufficiency of the convicting evidence. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Russell T. Greene, Knoxville, Tennessee, for the appellant, Cumecus Rodrelle Cates.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.


**OPINION**


Before we address the issue presented in this appeal, a brief summary of the proceedings in the trial court is warranted. On March 13, 2003, the Defendant was tried before a jury and convicted of aggravated burglary and misdemeanor theft.[1] He was sentenced to six years as a Range I standard offender for the aggravated burglary conviction and to a concurrent term of eleven months and twenty-nine days for the theft conviction.

Thereafter, the Defendant was convicted, upon a jury verdict, of two counts of rape. Subsequent to these two rape convictions, the State and the Defendant entered into a plea agreement regarding the sentences for the rape convictions, and also regarding disposition and sentencing for a separate, unrelated charge of especially aggravated robbery. Thus, on July 15, 2003, the trial court

---

[1]See Tenn. Code Ann. §§ 39-14-403, -103, -105.

conducted a plea submission hearing in which the Defendant was sentenced to two concurrent ten-year sentences for the rape convictions. Those sentences were ordered to be served consecutive to a previous conviction from Sullivan County and previous convictions from Knox County, one of which was the six-year sentence for burglary which is the subject of this appeal.[2]

Also at the plea submission hearing on July 15, 2003, the Defendant entered a guilty plea to the Class A felony of especially aggravated robbery, for which he received an agreed sentence of twenty years. This twenty-year sentence was to be served concurrently with the sentences for rape, but consecutively to the other previous sentences. As a further part of the plea agreement, the State agreed to dismiss three additional charges, and the Defendant agreed that he would waive his appeal from the two jury trial convictions for rape. Also, as part of the plea agreement the Defendant agreed that he would withdraw his appeal from his conviction and sentence in the aggravated burglary and theft convictions, which convictions are the subject of this appeal.

At the time of the plea submission hearing on July 15, 2003, the Defendant's appeal from the burglary and theft convictions was pending in this court. Apparently, the Defendant declined to sign a statement agreeing that his appeal pending in this Court be voluntarily dismissed. See Tenn. R. Crim. App. 11. Consequently, this Court denied the motion by Defendant's appellate counsel requesting permission to withdraw. This Court directed counsel to file a brief on behalf of the Defendant. Counsel has filed a brief challenging the sufficiency of the evidence, which we now address.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the

---

[2]The other previous convictions were referenced at the hearing, but no specific details concerning the convictions or sentences were mentioned.

weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

We have carefully reviewed the transcript of the evidence presented at trial. The testimony presented, along with the exhibits introduced in open court, easily supports a finding that the Defendant entered the habitation of the victim, Lawanda Williams, without her effective consent, with the intent to commit theft, and did commit theft by taking the victim's television, VCR, and stereo system with the intent to deprive the victim of her property. A witness testified that he saw the Defendant remove the items from the victim's residence. The victim testified that the Defendant did not have her consent to enter her residence and remove the items. Records from a pawn shop were introduced which reflected the name of the Defendant as the person who had pawned the items. The victim identified the items retrieved from the pawn shop as being the items taken from her residence. We conclude that the evidence presented at trial is sufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt.

In addition, although not raised as an issue on appeal, we note that the Defendant's lengthy record of prior criminal convictions, standing alone, is sufficient to justify and support the Defendant's maximum sentence of six years as a Range I standard offender for his Class C felony conviction.

Accordingly, the judgments of the trial court are affirmed.

_____
DAVID H. WELLES, JUDGE