IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 12, 2006 Session

## STATE OF TENNESSEE v. JOHNNY J. POSTLES

**Direct Appeal from the Circuit Court for Madison County**
**Nos. 04-720, 04-721      Roger Page, Judge**

---

**No. W2005-01641-CCA-R3-CD  - Filed November 20, 2006**

---

The defendant appeals from his jury convictions of criminal trespass (Class C misdemeanor), assault (Class A misdemeanor), aggravated burglary (Class C felony), aggravated assault (Class C felony), and theft (Class A misdemeanor).  The defendant received an effective sentence of five and one-half years incarceration plus two jail terms of eleven months and twenty-nine days.  Issues presented on appeal are the sufficiency of the evidence and the propriety of the consolidation of offenses from two indictments involving separate dates with a single victim.  After review, we have concluded that the convictions were supported by sufficient evidence and that the defendant waived the severance of the offenses issue.  The judgments from the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

David W. Camp (on appeal) and Ramsdale O'Deneal, Jr. (at trial), Jackson, Tennessee, for the appellant, Johnny J. Postles.

Paul G. Summers, Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was indicted for offenses against the same victim in two indictments. The first indictment grew out of events occurring April 5, 2004, and alleged aggravated criminal trespass (Class C misdemeanor), assault (Class A misdemeanor), and false imprisonment (Class A misdemeanor).  The false imprisonment count was dismissed by the State prior to trial.  The second indictment concerned events that occurred May 21, 2004, alleging aggravated burglary (Class C felony), aggravated assault (Class C felony), and robbery (Class C felony).  Prior to trial, the two

indictments were consolidated. The jury returned guilty verdicts as follows: criminal trespass, assault, aggravated burglary, aggravated assault, and theft.

The defendant presents two issues on appeal: that the evidence was insufficient to support the convictions, and that the trial court erred in failing to sever the offenses occurring on separate dates.

## Factual Background

The account of these events were related by the victim, Katina Fuller. She testified that she and the defendant had been in a dating relationship for several months until April 5, 2004. The defendant had not lived at the victim's residence but had stayed overnight on occasions. Ms. Fuller told the defendant that she did not want him at her apartment and told him to leave. The defendant did leave but returned and forced an entry by breaking in the door. The defendant pulled the victim's hair and held his hand over her nose and mouth. The victim stated she feared for her safety. She waited until she was sure the defendant was asleep and escaped to her cousin's residence to call police. The defendant was arrested and placed under a conditional bond in the Jackson City Court whereby, among other provisions, the defendant was ordered to refrain from contacting the victim or going to her home.

On May 21, 2004, the defendant knocked on the victim's door at approximately 11:30 p.m. After the victim denied him entry, the defendant left but returned. The victim notified police, and an officer responded, but the defendant had left. The defendant returned, kicked in the victim's door, and entered the apartment. The victim was holding her cell phone in order to call police when the defendant grabbed it and ran from the scene. At a later date, the defendant returned the phone to the victim's father.

The jury heard testimony from Jackson Police officers who responded to the two incidents. Pictures were introduced showing the damage done to the victim's apartment door and door facing on both April 5 and May 21.

The defendant chose not to present proof. Based on the evidence, the jury returned guilty verdicts for criminal trespass, assault, aggravated burglary, aggravated assault, and theft.

## Sufficiency of the Evidence

The defendant asserts that the evidence at trial was insufficient to support the convictions. The defendant's sole argument addressed on appeal is a challenge to the theft conviction for the taking of the victim's cell phone on May 5. After review, we have determined that sufficient evidence was adduced to support all convictions.

Our standard in reviewing a sufficiency question is "whether considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." State v. Reid, 91 S.W.3d 247, 276 (Tenn. 2002). On appeal, the State is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom. State v. Smith, 24 S.W.3d 274, 279 (Tenn. 2000). A guilty verdict by the trier of fact resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). "Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court does not re-weigh or re-evaluate the evidence." State v. Evans, 108 S.W.3d 231, 236 (Tenn. 2003) (citing Bland, 958 S.W.2d at 659).

Of the offenses which occurred on April 5, the jury convicted the defendant of the lesser included offense of criminal trespass and the indicted offense of misdemeanor assault.

> The pertinent statutory provisions defining criminal trespass are as follows:
> A person commits criminal trespass who, knowing the person does not have the owner's effective consent to do so, enters or remains on property, or a portion thereof. Knowledge that the person did not have the owner's effective consent may be inferred where notice against entering or remaining is given by:
>> (1) Personal communication to the person by the owner or by someone with apparent authority to act for the owner.

T.C.A. § 39-14-405(a)(1) (2006).

The victim was the sole leaseholder of her apartment premises. She testified that approximately ten minutes before the defendant broke her door open and gained entry, she specifically told him that he was not welcome there and directed him to leave. The defendant's forced entry thereafter clearly met the definition of criminal trespass.

> A person commits assault who:
>> (1)  Intentionally, knowingly or recklessly causes bodily injury to another;
>> (2)  Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
>> (3)  Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

T.C.A. § 39-13-101(a)(1)-(3) (2006).

The victim testified that the defendant restrained her by forcibly dragging her, pulling her hair, and covering her mouth and nose with his hand. The defendant threatened the victim with death if she called the police. The victim stated that she feared for her safety. The evidence supported the conviction of misdemeanor assault.

Events of May 21

Concerning the offenses which occurred on May 21, the defendant was found guilty of the indicted offenses of aggravated burglary, aggravated assault, and the lesser included offense of theft.

Aggravated burglary is burglary of a habitation. T.C.A. § 39-14-403. Burglary is defined in pertinent part as follows:

(a)     A person commits burglary who, without the effective consent of the property owner:
     (1)     Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft, or assault;
     (3)     Enters a building and commits or attempts to commit a felony, theft or assault[.]

T.C.A. § 39-14-402(a)(1)(3) (2006).

The defendant, after being instructed by the victim to leave the house, returned and forced his entry by breaking the door open. Upon seeing the victim with her cell phone, the defendant seized the phone and ran from the apartment. The defendant stated that the defendant's actions caused her to fear imminent bodily injury. The defendant's provocative action of grabbing the phone from the victim's hand constituted an assault. The taking of the cell phone without the owner's consent constituted theft.

A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent. T.C.A. § 39-14-103 (2006).

The return of the phone at a later date does not nullify the defendant's actions of taking the property without the victim's consent.

The State's theory justifying the aggravated assault offense was based on the defendant's violation of an order issued by the City Court of Jackson. The order was contained in the defendant's conditional release from custody following his arrest for the offenses on April 5. Among other provisions, the order prohibited the defendant from contacting the victim and from threatening to commit or committing any criminal act against the victim. The victim was identified as Katina Fuller.

The statute defining aggravated assault contains the following provision:
A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

-4-

T.C.A. § 39-13-102(c) (2006).

Having previously determined that the defendant's actions were an assault on the victim, we conclude that the violation of Tennessee Code Annotated section 39-13-102(c) would enhance the offense to aggravated assault.

In summary, we conclude that each of the defendant's convictions were supported by sufficient evidence beyond a reasonable doubt.

Severance of Indictments

The defendant next asserts that the "trial court erred when it did not sever the offenses contained in the two separate indictments."

The State counters that the defendant acquiesced in the trial court's consolidation of the two indictments and that the defendant has waived this issue. After review, we agree that the defendant's failure to object to the consolidation or to file a motion to sever was an effective waiver.

Decisions to consolidate or sever offenses pursuant to Rules 8(b) and 14(b)(1) are, subject to the limitations contained therein, to be reviewed for an abuse of discretion. State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999).

The appellate record does not contain a motion to consolidate the indictments. However, the transcript reflects that the trial court referred to such a motion and that the defendant agreed to the consolidation. The record is devoid of any objection by the defendant or a motion to sever the indictments. The first objection to the consolidation appeared in the amended motion for new trial filed by the defendant over five months after the trial date.

Rule 8 of the Tennessee Rules of Criminal Procedure governs the consolidation of multiple charged offenses by a defendant and provides as follows:

(a) Mandatory Joinder of Offenses.–Two or more offenses shall be joined in the same indictment, presentment, or information with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses are based upon the same conduct or arise from the same criminal episode and if such offenses are known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s) and if they are within the jurisdiction of a single court. A defendant shall not be subject to separate trials for multiple offenses falling within this subsection unless they are severed pursuant to Rule 14.

(b) Permissive Joinder of Offenses.–Two or more offenses may be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses constitute parts of a common scheme or plan or if they are of the same or similar character.

After consolidation of offenses, the defendant may move to sever the offenses pursuant to Rule 14 of the Tennessee Rules of Criminal Procedure. Rule 14(b)(2) provides that offenses joined under Rule 8(a) (mandatory joinder) may be severed before trial by a motion of the State or defendant, or during trial with the defendant's consent if deemed necessary to promote or achieve a fair determination of the defendant's guilt or innocence of each offense. Tenn. R. Crim. P. 14(b)(2). When offenses are joined under Rule 8(b) (permissive joinder), the defendant has a right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible in the trial of the others. Tenn. R. Crim. P. 14(b)(1).

> A defendant's motion for severance of offenses or defendants shall be made before trial, except that a motion for severance may be made before or at the close of all evidence if based on a ground not previously known. A defendant waives severance if the motion is not timely.

Tenn. R. Crim. P. 14(a)(1)(A).

Based on the foregoing authority, we conclude that the issue of severance of offenses was waived by the defendant.

The judgments of conviction are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE