# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 29, 2011

## STATE OF TENNESSEE v. LARRY WAYNE WEBB

**Direct Appeal from the Criminal Court for Knox County**
**No. 90487     Mary Beth Leibowitz, Judge**

---

**No. E2010-02204-CCA-R3-CD - Filed September 14, 2011**

---

The defendant, Larry Wayne Webb, was convicted by a Knox County jury of attempted theft, a Class E felony, and vandalism less than $500, a Class A misdemeanor. He was subsequently sentenced by the trial court to concurrent sentences of six years and eleven months and twenty-nine days. On appeal, he raises the single issue of sufficiency of the evidence. Specifically, he contends that the State failed to establish his identity as the perpetrator of the crimes beyond a reasonable doubt. Following a careful review of the record, we affirm the attempted theft judgment of conviction as entered but remand the vandalism judgment to be completed by the trial court as it is presently incomplete.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part and Remanded in Part**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Christopher M. Rodgers, Knoxville, Tennessee, for the appellant, Larry Wayne Webb.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Jason Lee Hunnicutt, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

The events leading to the defendant's convictions arose from his actions at Dayton's Pest Control on the evening of June 21, 2008. At approximately 6:30 p.m. on that evening,

Dayton Hilton, the owner of the company, and his wife were working in the front office when they heard their dogs barking at the back of the office. After hearing his dogs bark, the victim looked out the rear window and saw a man walking between the storage building and rental pod, which were located behind the main office. The victim observed that the man was pulling an air compressor toward the back parking lot.

The victim informed his wife, ran outside, and yelled at the man demanding to know what he was doing. The man replied, "I'm trying to get out of here." The victim picked up a two-by-four board and gave chase. At some point during the chase, the man dropped the air compressor. The victim continued to pursue the man up an embankment, at which time the man got into a small black car. The victim, who was approximately ten yards from the man at this point, threw the board at the car and took note of the car's license plate number. The victim saw the man's profile as he stepped into the car and noted that he was tall and had a "skinny" build and shoulder length black hair.

As the victim was returning to his office, in addition to the air compressor on the ground, he also noticed a drill on the embankment near where the car had been parked. According to the victim, these items belonged to him and were normally kept in the storage building located on his property. He also noted that the door to the storage building was open and that the lock had been broken. He also observed that a rental pod located on the property had sustained damage, specifically that the latch had been pried off and the door was damaged.

The police were subsequently called and, upon an officer's arrival, the victim gave him a description of the man, as well as the license plate number from the car. At that time, Officer Barnham of the Knoxville Police Department checked the tag number and discovered that it had been registered to the defendant in 2006. No subsequent registration of the car was located. The defendant's driver's license picture was then shown to the victim, and he identified the defendant as the man he had seen pulling the air compressor. Additionally, five days later, the victim was shown a photographic lineup and again picked the defendant as the perpetrator.

Based upon this evidence, the defendant was indicted by a Knox County grand jury for one count of theft over $1000 and misdemeanor vandalism less than $500. Following a jury trial, the defendant was convicted of the lesser offense of attempted theft and the charged offense of vandalism. Following a sentencing hearing, the trial court sentenced the defendant, as a career offender, to concurrent sentences of six years and eleven months and twenty-nine days. Following the denial of his motion for new trial, the defendant filed the instant timely appeal.

## Analysis

On appeal, the defendant has raised the single issue of sufficiency of the evidence. When an accused challenges the sufficiency of the convicting evidence, the standard of review is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original); *State v. Franklin*, 308 S.W.3d 799, 825 (Tenn. 2010); *see also* Tenn. R. App. P. 13(e). "[T]he State is entitled to the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom." *State v. Smith,* 24 S.W.3d 274, 279 (Tenn. 2000); *see also State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007). Questions involving the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and an appellate court does not reweigh or re-evaluate the evidence. *State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003).

A jury verdict approved by the trial court accredits the State's witnesses and resolves all conflicts in the evidence in favor of the State. *State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003). "Because a verdict of guilt removes the presumption of innocence and imposes a presumption of guilt, the burden shifts to the defendant upon conviction to show why the evidence is insufficient to support the verdict." *State v. Thacker*, 164 S.W.3d 208, 221 (Tenn. 2005). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). With respect to circumstantial evidence, our supreme court recently overruled *State v. Crawford*, 470 S.W.2d 610 (Tenn. 1971), and its requirement that, to prove a defendant's guilty based on circumstantial evidence alone, the State must present proof "so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, and that beyond a reasonable doubt." *State v. Dorantes*, 331 S.W.3d 370, 380-81 (Tenn. 2011). The court held that direct and circumstantial evidence should be treated the same way in evaluating sufficiency of the evidence challenges. *Id*.

The defendant stands convicted of attempted theft and vandalism. Theft occurs when a person "knowingly obtains or exercises control over the property without the owner's effective consent" and with the intent to deprive the owner of the property. T.C.A. § 39-14-103 (2010). A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:

> (1)    Intentionally engages in action or causes a result that would constitute an offense, if the circumstances surrounding the conduct were as the person believes them to be;

-3-

(2)     Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

(3)     Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

T.C.A. § 39-12-101(a) (2010). The offense of vandalism is committed by "[a]ny person who knowingly causes damage to or the destruction of any real or personal property of another . . . knowing that the person does not have the owner's effective consent[.]" T.C.A. § 39-14-408(a) (2010). "'Damage' includes, but is not limited to: (A) [d]estroying, polluting or contaminating property; or (B) [t]ampering with property and causing pecuniary loss or substantial inconvenience to the owner or a third person[.]" *Id*. at -408(b).

The defendant's only contention on appeal is that the State failed to sufficiently establish his identity as the perpetrator. In support of his argument, the defendant relies upon the following evidence: (1) the victim indicated at one point during his testimony that he had not seen the defendant's face; (2) the victim was predisposed to pick the defendant from the photographic lineup because he had seen the defendant's driver's license picture on the night of the incident; (3) no fingerprints connected the defendant to the crime scene; (4) a two-year-old registration of a car was the only evidence placing the defendant at the scene; and (5) the victim testified that he had not checked the condition of the storage building within twenty-four hours prior to the crime. We are not persuaded by the defendant's argument. In fact, his reliance upon these asserted facts and evidence, which were all placed before the jury, is nothing more than a challenge to the weight of the evidence or a challenge to the credibility of the witnesses who testified. It has been repeatedly stated that it is not the province of this court to reweigh evidence or re-evaluate credibility determinations which have been made by a jury. *See Evans*, 108 S.W.3d at 236.

When viewed in the light most favorable to the State, the evidence amply supports the defendant's convictions. The victim testified that he saw a man through the window, gave chase while the man was carrying an air compressor, and chased him up an embankment to a parked car, getting close enough to the car to throw a board and hit it. While the victim did indicate on cross-examination that he had only seen the man from the rear, he testified on redirect that he had seen the man's profile. The victim gave a description to the responding police officer that matched the description of the defendant. When the victim was shown the picture from the defendant's drivers license, he identified the defendant as the man he had chased. Additionally, a car which had been registered by the defendant two years

previously was located at the scene of the crime. That the car had not been registered in the ensuing two years does not discount the fact that the defendant was the last person who had registered the car with the state.

While the victim never saw the defendant in possession of the drill, it was certainly reasonable for a jury to assume that it had been moved by the defendant. The drill had clearly been removed from the storage building where the victim kept it stored, and it was found in an area near the defendant's car, incidently, in an area to which the defendant was seen running with the air compressor. The fact that the victim did not actually see the defendant break into the storage building and remove the drill does not negate the strong circumstantial inference that the defendant did, in fact, do so.

Contrary to the defendant's assertion, we must conclude that the State presented sufficient evidence to establish the defendant's identity as the perpetrator of the crimes. Direct evidence was presented by the victim's eyewitness testimony that placed the defendant at the scene of the crime in possession of the air compressor. In light of this evidence, as well as all of the circumstantial evidence presented, we conclude that there was sufficient evidence to allow the jury to find beyond a reasonable doubt that the defendant attempted to exercise control over the victim's property with the intent to deprive him thereof. Further, the evidence also supports the conclusion that the defendant knowingly caused damage to the store building and rental pod, which resulted in pecuniary loss to the victim. As such, the defendant is entitled to no relief on this issue.

## CONCLUSION

Based upon the foregoing, the judgment for attempted theft is affirmed. The judgment for vandalism is incomplete; therefore, we remand for the trial court to complete said judgment.

_____
JOHN EVERETT WILLIAMS, JUDGE