IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 14, 2006

## STATE OF TENNESSEE v. DONALD WAYNE JOINER

**Appeal from the Criminal Court for Sullivan County**
**Nos. S48, 434     R. Jerry Beck, Judge**

---

**No. E2006-00005-CCA-R3-CD - Filed January 22, 2007**

---

The Defendant, Donald Wayne Joiner, was convicted by a Sullivan County jury of one count of escape, a Class E felony. He was sentenced as a career offender to six years in the Department of Correction. He filed a timely motion for a new trial, which was denied. In this appeal, the Defendant asserts that the evidence was insufficient to support his conviction for escape beyond a reasonable doubt. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Gene Scott, Jr., Johnson City, Tennessee, for the appellant, Donald Wayne Joiner.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Greeley Wells, District Attorney General; and B. Todd Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On October 28, 2003, the Defendant and six other individuals escaped from the Sullivan County jail. They made their exit through the jail's ventilation system. Later that day, the Defendant was captured at a nearby mobile home. During the ensuing investigation, the Defendant gave a statement explaining that other inmates told him they were "going out" of the jail and asked him if he wanted to go because he had "a lot of time" to serve. The Defendant stated that he agreed to participate in the escape and did break free from the jail. In this statement, the Defendant gave no indication that he was threatened or coerced into escaping. The Defendant stated that, after escaping,

he and another inmate, Brian Morrell, went to Johnson City. Once in Johnson City, the Defendant went to the mobile home of his friend Joseph "Winky" Harrison, and they went to buy beer. He said they "came back and drunk [sic] half of it" before the officers arrived. When the officers came to the front door of the residence, the Defendant told Harrison to tell the officers that he was not there.

The Defendant admitted at trial that he escaped from the Sullivan County jail but testified that he did so only because of threats from his cellmate, George Simpson. The Defendant testified that Simpson had shown him a "homemade knife" and told him that, if he did not participate in the escape,"something would happen to either [the Defendant] or [his] family." The Defendant stated that he did not take an active role in effectuating the escape. The Defendant testified that, although he parted ways from Simpson after escaping from the jail, he did not turn himself in to authorities because he was still afraid of Simpson's threats. The Defendant likewise stated that he did not tell the investigating officers of the threats after he was arrested because he feared that Simpson "was still on the run" and may still be able to harm his family. The Defendant also testified that he did try to tell "[o]fficers on the shifts" of Simpson's threats, but that he could not remember whom he told, and that "no one believe[d]" him and the officers "thought [he] was joking around."

The Defendant's co-escapee, Jeffrey Scott Begley, also testified that Simpson "threatened to kill [the Defendant] if he didn't [escape]" and that Simpson "threatened quite a few people." Begley informed law enforcement authorities during the investigation that Simpson allegedly threatened him. Begley provided a lengthy description of the events; however, at that time, Begley did not mention that Simpson threatened the Defendant. Begley testified that he was not housed in the same pod with the Defendant, but he stated that he overheard Simpson making threats to several people in a common pod area. Begley stated that he did plead guilty to escape but stated that he only did so "to hurry up and get to prison."

### Procedural Background

A Sullivan County grand jury issued a presentment charging the Defendant with one count of escape. Following a jury trial, the Defendant was convicted. The Defendant filed a timely motion for a new trial, alleging that the evidence was insufficient to support the Defendant's conviction beyond a reasonable doubt. The trial court denied the Defendant's motion, and this timely appeal followed.

### Analysis

The Defendant's sole issue on appeal is whether the evidence was sufficient to support his conviction for escape beyond a reasonable doubt. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a

convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

Under Tennessee Code Annotated section 39-16-605, "[i]t is unlawful for any person . . . convicted of an offense to escape from a penal institution." Tenn. Code Ann. § 39-16-605(a) (2003). "Duress is a defense to prosecution where the person or a third person is threatened with harm that is present, imminent, impending and of such a nature to induce a well-grounded apprehension of death or serious bodily injury if the act is not done." Tenn. Code Ann. § 39-11-504(a) (2003). To establish the defense of duress, the "threatened harm must be continuous throughout the time the act is being committed, and must be one from which the person cannot withdraw in safety. Further, the desirability and urgency of avoiding the harm must clearly outweigh the harm sought to be prevented by the law proscribing the conduct, according to ordinary standards of reasonableness." Id. The justification of necessity may be shown if the "person reasonably believes the conduct is immediately necessary to avoid imminent harm . . . [and the] desirability and urgency of avoiding the harm clearly outweigh the harm sought to be prevented by the law proscribing the conduct, according to ordinary standards of reasonableness." Tenn. Code Ann. § 39-11-609(1)-(2) (2003).

In this case, the jury was instructed on the offense of escape as well as the defense of duress and the justification of necessity. After consideration of the testimony and evidence presented, the jury decided to convict the Defendant of the offense of escape. The State presented extensive evidence to support this conviction. First, the parties stipulated that the Defendant was "confine[d]" in a "penal institution" on the date of the escape. Second, the Defendant admitted that he did in fact flee from the jail with the other inmates.

While the Defendant countered the State's evidence with testimony that the Defendant was threatened by his cell mate, George Simpson, the State refuted the Defendant's claims. The State presented testimony from the jail officers and the investigating officers that they knew of no threats to the Defendant and that the Defendant never claimed he feared for the life of his family and himself. The Defendant's statement upon arrest also made no mention of any coercion in the escape. While the Defendant attempted to explain his failure to report the threats by saying that he still feared

for his family even after he was arrested, the jury did not accredit that version of events. Finally, the jury received testimony that, even after leaving the jailhouse and parting ways with Simpson, the Defendant did not turn himself in; on the contrary, the Defendant hid in a mobile home drinking beer with a friend. When the authorities arrived at the residence, the Defendant told his friend to tell the officers that he was not there. In light of the evidence presented, a rational trier of fact could easily find that the Defendant is guilty of the offense of escape. We conclude that the evidence is sufficient to support the Defendant's conviction beyond a reasonable doubt.

### Conclusion

Based upon the foregoing reasoning and authorities, we conclude that the evidence was sufficient to support the Defendant's conviction for escape beyond a reasonable doubt. Therefore, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE