# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 6, 2008

## STATE OF TENNESSEE v. LARRY CARTER

**Appeal from the Criminal Court for Shelby County**
**No. 06-00592     Paula Skahan, Judge**

---

**No. W2007-01437-CCA-R3-CD  - Filed June 11, 2008**

---

The Defendant, Larry Carter, was convicted of burglary, a Class D felony, and sentenced to serve twelve years in the Department of Correction as a career offender.  On appeal, he argues that the evidence presented at his jury trial was insufficient to support his conviction.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Tony N. Brayton, Assistant Public Defender, Memphis, Tennessee, for the appellant, Larry Carter.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William L. Gibbons, District Attorney General; and Damon Griffin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

The Shelby County Grand Jury indicted the forty-four-year-old Defendant for one count of burglary of a building other than a habitation. See Tenn. Code Ann. § 39-14-402(a)(1).  A jury trial followed.

At trial, Mrs. Moriah Lee (the victim) testified that at approximately 1:00 p.m. on November 3, 2005, she was inside her house on Harbert Avenue in Memphis when she saw a stranger, the Defendant, in her backyard.  The victim then observed the Defendant "enter into the back house,"[1]

---

[1] The victim described the "back house" as follows:

(continued...)

an outbuilding on her property, and walk out with her leaf blower. The victim yelled at the Defendant, telling him to put down the leaf blower. The Defendant yelled back that her husband had asked him to do some yard work; the victim shouted back that he was lying and demanded that he leave her property. The Defendant dropped the leaf blower and left. According to the victim, no one had permission to be in the "back house area" at that time.

The victim called 9-1-1 and described the Defendant's appearance to the dispatcher while watching him walking on the sidewalk in front of her house. The Defendant was quickly apprehended by police officers. The police officers transported him to the victim's house, and she was able to positively identify him as he was moved from one police car to another. Less than one hour later, the victim went to the police station and gave a formal statement.

Officer Ray Jenkins of the Memphis Police Department testified that he responded to the victim's 9-1-1 call. Officer Jenkins found the Defendant (who matched the description given by the victim) one block away from the victim's house; he was pushing a lawnmower down an alley in between houses. Officer Jenkins asked the Defendant where he got the lawnmower, and the Defendant said that he did not know. At that point, Officer Jenkins detained the Defendant and transported him to the victim's house where she identified him.

Officer Larry Carson, also of the Memphis Police Department, testified that he took the victim's statement at the police station. At that time, the victim identified the Defendant again from a photograph supplied by Officer Carson. The officer advised the Defendant of his rights and asked him if he would like to give a statement; he declined.

The Defendant did not testify or present any evidence.

Following the arguments of counsel, the jury found the Defendant guilty as charged. A sentencing hearing was subsequently held, and the trial court imposed a twelve-year sentence, to be served as a career offender. This appeal is now properly before this Court.

## ANALYSIS

On appeal, the Defendant presents a single issue for our consideration: whether the evidence presented at his trial was sufficient to sustain his conviction for burglary beyond a reasonable doubt. Specifically, the Defendant contends that the State failed to prove that he did not have the effective consent of the property owners to enter the outbuilding and use the leaf blower.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support

---

[1](...continued)
The back house sits directly behind the house. There's a yard in between the back of the house and front of the house. It's an old home, it's in midtown so a lot of [houses in this area] have these guest houses. But, you have, to get to the back house, you either have to walk through the house to get to it or you have to walk up the driveway and through the back gate and up into it.

the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

In this case, the Defendant was convicted of burglary. As relevant to this appeal, the offense of burglary is defined as entering a building other than a habitation, without the effective consent of the property owners, with the intent to commit a felony, theft or assault. See Tenn. Code Ann. § 39-14-402(a)(1); see also Tenn. Code Ann. § 39-14-103 ("A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent.")

The Defendant argues that the State failed to prove that he did not have the effective consent of the property owners when he entered the outbuilding. He contends that his claim that the victim's husband asked him to do yard work was not effectively contradicted at trial. We disagree. Regardless of whether the victim specifically testified on the issue of her husband's alleged consent, she did testify that no one had permission to be in "the back house area" at the time of the offense. Moreover, she witnessed the Defendant enter the building and walk out holding her leaf blower. Further, she called 9-1-1 because of the Defendant's intrusion and then followed up on her complaint by identifying the Defendant and giving a formal statement at the police station. Viewed in a light most favorable to the State, the evidence presented was sufficient for a rational juror to conclude beyond a reasonable doubt that the Defendant entered the victim's building—without consent—intending to commit theft. This argument has no merit.

**Conclusion**
Based on the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE