# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 2, 2010

## STATE OF TENNESSEE v. CHARLES LATEN HOWELL, III

**Appeal from the Circuit Court for Tipton County**
**No. 6234    Joseph H. Walker, III, Judge**

---

**No. W2009-02032-CCA-R3-CD  - Filed August 25, 2010**

---

Following a jury trial, the Defendant, Charles Laten Howell, III, was convicted of promotion of methamphetamine manufacture, a Class D felony.[1] See Tenn. Code Ann. § 39-17-433(e). In this appeal, he contends that the trial court erred in admitting blister packs of pseudoephedrine caplets because the State failed to establish a chain of custody. After our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Gary F. Antrican, District Public Defender, Somerville, Tennessee, for the appellant, Charles Laten Howell, III.

Robert E. Cooper, Jr.; Lindsy Paduch Stempel, Assistant Attorney General; and Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

The events underlying this case began on August 7, 2008. At 7:52 p.m. on that day, Tipton County Sheriff's Department ("TCSD") Deputy Brent Chunn observed a white Chevrolet pickup truck being driven by Vance Ruffin. Deputy Chunn had prior knowledge

---

[1]The Defendant was tried jointly with a co-defendant, David Gillihan. Mr. Gillihan was also convicted of one count of promotion of methamphetamine manufacture.

that Mr. Ruffin's driver's license was invalid; he accordingly followed the pickup, observed it stop at a convenience store in Munford, and pulled up nearby. Deputy Chunn observed that the Defendant had already exited the front passenger-side door and entered the convenience store.

Upon reaching the truck, Deputy Chunn saw Mr. Ruffin sitting in the driver's seat and Mr. Gillihan sitting in the back cab area. Mr. Ruffin granted consent to search the pickup; Deputy Chunn found, on the floor in front of the front passenger-side seat, a plastic bag containing beer and blister packs of what appeared to be pseudoephedrine caplets. The packs were not in a box, and no box was found. The Defendant returned to the pickup at some point.

Deputy Chunn contacted TCSD's narcotics unit. Deputy Chunn said that Investigator Chris Smith of the Narcotics Unit arrived shortly thereafter and took over the case. Deputy Chunn said he gave the pseudoephedrine packs to Investigator Smith.

Mr. Ruffin testified for the State. He said that he knew the Defendant and Mr. Gillihan, and he admitted that he had been driving on an invalid license. He knew that the contents of two boxes of pseudoephedrine caplets were in his vehicle; earlier that day, he had called both the Defendant and Mr. Gillihan and asked them each to buy one box of pseudoephedrine for the purpose of making methamphetamine. The Defendant and Mr. Gillihan agreed to make the purchases as requested. Mr. Ruffin said he could not have bought the pseudoephedrine because he had reached the legal purchasing limit; he also said that he had, on two prior occasions, been convicted of possessing or promoting the manufacture of methamphetamine.

Investigator Smith also testified. He said that, upon arriving at the scene of the stop, he observed the bag of beer and pseudoephedrine packs found by Deputy Chunn. The State introduced as an exhibit a bag containing blister packs of pseudoephedrine; Investigator Smith said that these packs were the ones recovered from the pickup driven by Mr. Ruffin. Investigator Smith also noted that a form accompanying the bag provided that it was turned in by Deputy Chunn to evidence custodian John Turner at the TCSD; Investigator Smith received the bag from Mr. Turner before bringing it to trial. He noted that pseudoephedrine is used in the manufacture of methamphetamine.

Following his arrival at the Deputy Chunn's traffic stop, Investigator Smith arrested the Defendant, Mr. Ruffin, and Mr. Gillihan. Both the Defendant and Mr. Gillihan gave statements in which they admitted to purchasing one pack each of pseudoephedrine caplets at a Wal-Mart store in Millington for the purpose of manufacturing methamphetamine with Mr. Ruffin. Both were aware that the other would be involved. The Defendant expected to

receive about one-quarter of one gram of methamphetamine for his services. Finally, Investigator Smith said that no tests had been done on the pills contained in the recovered blister packs, but noted that the packs contained writing identifying their contents as pseudoephedrine.

The Defendant did not testify or present any evidence in his defense. The jury found the Defendant guilty of promotion of methamphetamine manufacture.

The Defendant now appeals.

**Analysis**

The Defendant contends that the trial court erred in admitting blister packs of pseudoephedrine because the state did not sufficiently establish a chain of custody of those packs. Tennessee Rule of Evidence 901(a) states that the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to the court to support a finding by the trier of fact that the matter in question is what its proponent claims." For tangible evidence, "a witness must be able to identify the evidence or establish an unbroken chain of custody." State v. Kilpatrick, 52 S.W.3d 81, 87 (Tenn. Crim. App. 2000). The purpose of the chain of custody requirement is to "demonstrate that there has been no tampering, loss, substitution, or mistake with respect to the evidence." State v. Braden, 867 S.W.2d 750, 759 (Tenn. Crim. App. 1993). "The identity of tangible evidence need only be shown with reasonable assurance; all possibility of tampering or doubt of identity need not be eliminated. The trial judge's decision on the sufficiency of proof as to chain of custody will not be overturned unless there is a clear mistake." State v. Kilburn, 782 S.W.2d 199, 203 (Tenn. Crim. App. 1989) (citations omitted).

We need not decide this issue, because any error was harmless. Tennessee Rule of Appellate Procedure 36(b) states that "a final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." The Defendant suggests that the evidence against him would have been insufficient had the blister packs not been admitted; we disagree.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35

S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

Tennessee Code Annotated section 39-17-433(a)(1) states that

It is an offense for a person to promote methamphetamine manufacture. A person promotes methamphetamine manufacture who . . . [s]ells, purchases, acquires, or delivers any chemical, drug, ingredient, or apparatus that can be used to produce methamphetamine, knowing that it will be used to produce methamphetamine, or with reckless disregard of its intended use.

Vance Ruffin testified that he, David Gillihan, and the Defendant had agreed to get together and make some methamphetamine. Mr. Ruffin testified that the Defendant delivered a box of pseudoephedrene caplets to be used in the making of methamphetamine. A law enforcement officer testified that he found pseudoephedrine caplets in the vehicle occupied by Mr. Ruffin and the Defendant. The officer testified that the packaging in which the caplets were found identified the caplets as pseudoephedrine. See Tenn. Code Ann. § 39-17-433(b). The proof also established that pseudoephedrine is commonly used to manufacture methamphetamine.

The Defendant admitted that he purchased pseudoephedrine with the knowledge that it would be used to manufacture methamphetamine later that day. Mr. Gillihan also admitted that he, the Defendant, and Mr. Ruffin had planned to manufacture methamphetamine using the pseudoephedrine purchased by himself and the Defendant, thus further corroborating the

-4-

Defendant's confession. Only slight evidence is necessary to corroborate a confession and sustain a conviction. <u>State v. Smith</u>, 24 S.W.3d 274, 281 (Tenn. 2008).

The evidence of the Defendant's guilt is overwhelming. Any error in admitting the blister packs therefore did not affect the judgment. The Defendant is not entitled to relief on this issue.

**Conclusion**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE