# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 17, 2010

## STATE OF TENNESSEE v. KATAYOUN MOHAMMADI JAFFARIAN and NADER KARSHENAS

**Appeal from the Circuit Court for Williamson County**
**No. I-CR031721-A/B     Robbie Beal, Judge**

---

**No. M2009-01716-CCA-R3-CD - Filed September 23, 2010**

---

After a joint jury trial, the Defendant, Katayoun Mohammadi Jaffarian, was convicted of theft of property valued at $500 or less, and the Defendant, Nader Karshenas, was convicted of theft of merchandise valued at $500 or less (collectively "the Defendants"). The Defendants were each sentenced to eleven months and twenty-nine days in the Williamson County Jail. The trial court denied the Defendants' motion for a new trial. Nonetheless, the Defendants thereafter sought to amend their motion for new trial based upon newly discovered evidence. In this direct appeal, the Defendants argue that the evidence is insufficient as a matter of law to support their convictions and that the trial court erred by denying their amended motion for new trial. Following our review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

William K. Lane, III, Franklin, Tennessee, for the appellants, Katayoun Mohammadi Jaffarian and Nader Karshenas.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Kim R. Helper, District Attorney General; and Derek Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On March 13, 2006, an indictment was filed, wherein a Williamson County grand jury charged the Defendants with theft of property valued at $500 or less or, alternatively, with theft of merchandise valued at $500 or less, both Class A misdemeanors. See Tenn. Code Ann. §§ 39-14-103, -105, -146(a)(1). Following a jury trial, the Defendant Jaffarian was found guilty in Count 1, theft of property valued at $500 or less, and the Defendant Karshenas was found guilty in Count 2, theft of merchandise valued at $500 or less. The trial court ordered each Defendant to serve eleven months and twenty-nine days in the Williamson County Jail, with the jail time to be suspended.

Because there was no court reporter at trial, the Defendants have prepared a statement of evidence as contemplated by Rule 24(c) of the Tennessee Rules of Appellate Procedure. The statement of the evidence recites the facts, in relevant part, as follows:

> 3. The [Defendant Jaffarian] entered the Marshalls Department Store twice on November 30th 2005. She entered the store initially at approximately 1:00 p.m. to purchase necessary items for her husband to wear on a planned trip out of the country. The second time she entered the store was at approximately 5:00 p.m. to exchange a pair of pants and sweater she had bought earlier for her husband [the Defendant Karshenas] due to the size. The [Defendant Jaffarian] approached the sales clerk and explained her position and was instructed to "go get what was needed." The [Defendant Jaffarian] maintained possession of the two items to be exchanged. The [Defendant Jaffarian] produced a receipt (Defense Exhibit 2) for the two items of merchandise as shown in Defense "Exhibit 1." No objection was made as to "Exhibit 1"or "Exhibit 2."

> 4. The pair of pants and the sweater are the two items (Exhibit 1) which the [Defendant Jaffarian] was initially alleged to have stolen and of which was the basis for the [Defendant Jaffarian] being detained by the loss prevention employee of Marshalls Department Store.

> 5. The [Defendant Karshenas] did not enter the store with [the Defendant Jaffarian] initially the second time. The [Defendant Karshenas] subsequently went to the store after shopping next door for office supplies, in order to ascertain the whereabouts of the [Defendant Jaffarian]. The store maintained video surveillance of the [Defendant Karshenas] as he wondered [sic] through the store. The videotape marked as State's "Exhibit 3" is the

only videotape presented.[1] The store maintained several video tape cameras but was only able to produce the one videotape. All cameras were operational and required no repair or maintenance which would otherwise result from the cameras not working properly. The in store location of all video cameras and merchandise in question are shown on Exhibit 6. Ms. Heyward testified that the location of the honey within the store was on a shelf right outside the door entry to the back office where [the Defendant] Jaffarian was taken.

6.   The videotape which was presented showed the [Defendant Karshenas] initially and then as he came into the presence of the [Defendant Jaffarian]. At no time did the videotape show either defendant concealing or picking up the merchandise alleged to have been stolen.

7. The Defendants testified that after a brief period in the store, [they] prepared to exchange the items and upon realizing the sales receipt from earlier that afternoon was in their automobile, the [Defendant Jaffarian], while still in possession of the items, exited the store to retrieve the sales receipt and was stopped by Alicia Heyward of loss prevention. Inquiry was made of [Defendant Jaffarian] concerning the pants and sweater and the [Defendant Jaffarian] explained she had her receipt in the car and she was going to retrieve it for the purpose of consummating the exchange. [The Defendant] Karshenas testified he stayed in the store during this time and was not aware of what was taking place.

8. Ms. Heyward testified she escorted [the Defendant] Jaffarian to the rear of the store after [the Defendant] Jaffarian had given the pair of pants and sweater to her. [The Defendant] Jaffarian testified that she also gave her purse to Ms. Heyward at this point it time. Ms. Heyward stated that she only took possession of the purse after they were in the "back office" where [the Defendant] Jaffarian was being detained.

9. Ms. Heyward testified that she observed [the Defendant] Karshenas remove the "sensor" from the pair of pants and sweater. [The Defendant] Karshenas was not taken into custody at the time of the incident. The State presented no "sensors" or tools which would be required to remove "sensors" as having been found in the possession of either defendant. Ms. Heyward testified that the removal of sensors was difficult at best and required the use of a special tool.

---

[1] This recording is not included in the record on appeal.

10. Ms. Heyward testified that the SKU number for the two items on the receipt presented by [the Defendant] Jaffarian for the pants and sweater did not match the SKU numbers for the two items in the possession of [the Defendant] Jaffarian. Neither the pants nor the sweater alleged to have been stolen were made an exhibit or presented as evidence by the State during the ongoing proceedings.

11. State's "Exhibit 4," the Loss Prevention Incident Data Sheet had attached to it the credit card register receipt produced by the State showing that the SKU number for the sweater and pants did match the SKU number shown on the receipt presented by [the Defendant] Jaffarian. There was no physical evidence presented by the State which would confirm the pants and sweater were not the same as presented by the Defendants.

12. Ms. Heyward further testified that when possession of the purse was taken, the City of Franklin police officer who arrived for the arrest of [the Defendant] Jaffarian discovered two jars of honey in the purse. [The Defendant] Jaffarian had no explanation regarding how or why the honey was in the purse and further denied any culpability regarding the honey.

13. The testimony of [the Defendant] Jaffarian was that Ms. Heyward took possession of the purse at the time the pants and sweater were turned over to her at the front of the store when she initially was stopped. Ms. Heyward testified that she "never" took possession of the purse and that the police officer took possession of the purse in the back office during the questioning and only then discovered the honey.

The State filed an objection to the Defendants' statement of the evidence. According to the State, the Defendants omitted the following relevant evidence:

Alicia Heyward (Heyward) testified that she worked for loss prevention at Marshalls. Heyward testified she witnessed the [D]efendants enter the Marshalls, Williamson County, Tennessee, on two (2) occasions during the date of the incident, November 30, 2005. Heyward testified that during the first visit to the store, [the Defendant] Jaffarian made a purchase of items. During the [D]efendants' second visit to the store, Heyward testified that [the Defendant] Karshenas selected two (2) bottles of ladies fragrance, without regard to price, and placed the items in his cart. Heyward testified that [the Defendant] Karshenas then went to the men's area where he selected a black t-shirt, again without regard to price and placed the item on top of the

-4-

fragrance bottles. This alerted Heyward's suspicions. Heyward testified that [the Defendant] Jaffarian selected a pair of black men's dress slacks. Heyward testified that [the Defendant] Jaffarian and [the Defendant] Karshenas met each other in the giftware department, and then both went to the luggage department.

Heyward testified that when the [D]efendants were in the luggage department, Heyward left the camera room due to limited visibility. Heyward testified she went to the children's department, near the luggage area, and witnessed [the Defendant] Karshenas remove sensors from the men's slacks and a sweater. Heyward testified that it appeared [the Defendant] Jaffarian was keeping watch for [the Defendant] Karshenas. Heyward testified that it appeared [the Defendant] Karshenas placed the pants and sweater in [the Defendant] Jaffarian's purse. Heyward testified that [the Defendant] Jaffarian received the pants and exited the store, failing to pay for the items.

Heyward testified that she stopped [the Defendant] Jaffarian outside the store. Heyward testified that [the Defendant] Jaffarian was uncooperative. Heyward testified that she escorted [the Defendant] Jaffarian back into the store. Heyward testified that she found the pants and sweater, unpaid for, inside [the Defendant] Jaffarian's purse. In the purse, Heyward also found two (2) jars of honey sold by Marshalls for which were also unpaid.

At some point, Heyward was presented with a receipt allegedly for the pants and sweater. [The Defendant] Jaffarian testified the receipt was for the items Heyward found in [the Defendant] Jaffarian's purse. Heyward testified, however, that the receipt was for an earlier purchase of the day and was not a receipt for the pants and sweater that she saw [the Defendant] Karshenas place in [the Defendant] Jaffarian's purse and that [the Defendant] Jaffarian exited the store with, without paying.

Tabitha Bates (Bates), Marshalls's store manager, also testified at the trial. Bates testified, like Heyward, that the receipt produced was not the receipt for the items found in [the Defendant] Jaffarian's purse.

[The Defendant] Jaffarian also testified that she had no idea why jars of honey were in her purse and intimated that Heyward must have planted them there, to which Heyward emphatically denied.

In paragraph 6 of the [D]efendant's Statement of the Evidence, the [D]efendants allege that the video showed "[neither] defendant concealing or picking up the merchandise alleged to have been stolen." However, Heyward testified that she had a clearer vantage point on the floor and personally witnessed [the Defendant] Karshenas remove the sensors, place the items in [the Defendant] Jaffarian's purse, all under the watchful eyes of [the Defendant] Jaffarian. While the [D]efendants' actions on the video were obscured by a clothing rack, nothing that the video depicted was inconsistent with Heyward's personal observations.

The trial court certified both statements of the evidence as accurately reflecting the proof presented at trial.

The Defendants filed a motion for new trial on April 28, 2009, claiming that they discovered a new witness, a Marshalls employee, Tawona Denise Pickens, who observed the events on November 30, 2005. Ms. Pickens had known the Defendant Jaffarian for twelve years. In her affidavit, Ms. Pickens stated that she saw Ms. Heyward escort the Defendant Jaffarian to the back of the store, that while doing so, Ms. Heyward was in possession of the purse, and that Ms. Heyward maintained possession of the purse after placing the Defendant Jaffarian in the back office. Ms. Pickens also stated that she observed Ms. Heyward examining the contents of the Defendant Jaffarian's purse. It appears from the record that a hearing was held on June 23, 2009; however, there is no transcript or statement as to what transpired during this hearing. The trial court denied the Defendants' motion by order dated July 13, 2009.

Thereafter, on July 17, 2009, the Defendants filed an amended motion for new trial. To the motion, they again attached an affidavit from Tawona Denise Pickens, the Marshalls employee alleged to have witnessed the shoplifting episode. According to Ms. Pickens, there was no honey or any other food items openly displayed for sale to the public on November 30 due to its replacement by holiday merchandise. Ms. Pickens also stated that she did not see any honey jars in the Defendant Jaffarian's purse. In the amended motion, the Defendants also requested a copy of the call from Ms. Heyward to the Franklin Police Department, wherein, according to the Defendants, Ms. Heyward does not mention the Defendant Karshenas. The trial court denied the motion without a hearing by order dated October 2, 2009.

The Defendants filed a notice of appeal on August 11, 2009. The case is now before this Court.

**Analysis**

On appeal, the Defendants challenge the sufficiency of the convicting evidence. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

Pursuant to Tennessee Code Annotated section 39-14-103, "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Further, Tennessee Code Annotated section § 39-14-146(a)(1), provides that a person commits theft of merchandise if, "with the intent to deprive a merchant of the stated price of merchandise, knowingly . . . conceals the merchandise."

Ms. Heyward testified that, following some suspicious behavior by the Defendants, she began to observe both of them as they moved about the store. Ms. Heyward observed the Defendant Jaffarian select a pair of black men's dress slacks and then meet the Defendant Karshenas in the giftware department. After the couple moved to the luggage department, Ms. Heyward left the camera room due to limited visibility. She went to the children's department, where she saw the Defendant Karshenas remove the security sensors from the

men's slacks and a sweater and place the items in the Defendant Jaffarian's purse. According to Ms. Heyward, it appeared as if the Defendant Jaffarian was acting as a lookout for the Defendant Karshenas. The Defendant Jaffarian then attempted to exit the store without paying for the items. After the Defendant Jaffarian was brought back into the store, two jars of honey were found in her purse.

The Defendants argue that the items at issue had been purchased earlier in the day, asserting that the SKU numbers on the receipt provided by the Defendants match the SKU numbers on the items found in the Defendant Jaffarian's purse. However, this argument is unfounded. The Defendants' receipt shows items 004087458 ($29.99) and 003625048 ($24.99) were purchased on November 30, 2005 at 1:01 p.m. The loss prevention sheet clearly shows the slacks and sweater as items 004081117 ($29.99) and 005729047 ($19.99), the jars of honey as 018007588 ($9.98), and that the incident took place about 5:30 p.m. Two Marshalls employees testified at trial that the receipt was not for the items found in the Defendant Jaffarian's purse.

Moreover, according to the facts submitted by the State, the Defendants' actions on the video were obscured by a clothing rack, and nothing on the video was inconsistent with Ms. Heyward's testimony. Although the State did not introduce the actual security sensors, this was only one factor for the jury to consider. It was the jury's prerogative to reject the Defendants' argument that the items had been purchased earlier in the day, that they were there simply to exchange them, and that a Marshalls employee planted the honey in the Defendant Jaffarian's purse. It is apparent that the jury resolved the conflicts in the testimony in the State's favor. Accordingly, we conclude that the proof is sufficient to support both convictions.

The Defendants also contend that the trial court erred in denying their amended motion for new trial, wherein they alleged newly discovered evidence. First, we note that, while the Defendants' expounded upon the testimony of Tawona Denise Pickens in their amended motion for new trial, the allegation contained in the two motions was essentially the same, i.e., the Defendants had discovered a new witness (Ms. Pickens) who witnessed the shoplifting episode and had information relevant to the events of that day. The statement of the evidence as provided by the Defendants does not include a recount of the argument presented at the original motion for new trial hearing or of the trial court's reasoning, or possible lack thereof, for its decision. Rule 24(c), Tennessee Rules of Appellate Procedure, states, "The statement [of the evidence] should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." It is the Defendant's obligation to have prepared an adequate record for review. See State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993).

Moreover, our supreme court has recently held that "amendments to timely filed motions for new trial may be had '*until* the day of the hearing on the motion for a new trial,' Tenn. R. Crim. P. 33(b) (emphasis added), but not after the trial court has entered an order denying a new trial." State v. Hatcher, 310 S.W.3d 788, 803 (Tenn. 2010). Because the amended motion for new trial was filed after the trial court issued its order denying the Defendants' motion for new trial, the trial court did not err in denying the Defendants' amended motion for a new trial.

**Conclusion**

Based upon the foregoing, we find the evidence sufficient to support the Defendants' convictions for theft of property valued at $500 or less and theft of merchandise valued at $500 or less. The judgments are affirmed.

_____
DAVID H. WELLES, JUDGE