# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 23, 2010 Session

## STATE OF TENNESSEE v. ALAN DALE BOBYARCHICK

**Appeal from the Criminal Court for Hamilton County**
**No. 270355     Don. W. Poole, Judge**

---

**No. E2010-00351-CCA-R3-CD - Filed February 1, 2011**

---

Following a bench trial, the Defendant, Alan Dale Bobyarchick, was convicted of violating an order of protection, a Class A misdemeanor. See Tenn. Code Ann. § 39-13-113(g). In this direct appeal, he contends that, in the Order of Protection, the circuit court did not make any specific findings of fact that he committed domestic abuse, sexual assault, or stalking, and, therefore, he could not be convicted of violating the Order of Protection pursuant to Tennessee Code Annotated section 39-13-113(f)(3). After our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JJ., joined.

Brian L. O'Shaughnessy, Chattanooga, Tennessee, for the appellant, Alan Dale Bobyarchick.

Robert E. Cooper, Jr., Attorney General; Sophia S. Lee, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and David Schmidt, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On May 23, 2007, the Hamilton County Circuit Court issued an Order of Protection for Toni Bobyarchick against her husband, the Defendant. The Order of Protection instructed the Defendant to refrain from having any contact with Mrs. Bobyarchick and from coming near her, her residence, or her workplace. The Order of Protection did not have a definitive expiration date, rather stating it was effective until the end of the divorce

proceedings or a further order by the court. An amended Order of Protection was entered on June 4, 2007.[1] On May 21, 2008, the Hamilton County Circuit Court entered an order that extended Mrs. Bobyarchick's Order of Protection until May 21, 2013.

In December 2008, a Hamilton County grand jury returned an indictment alleging that the Defendant violated the Order of Protection on June 27, 2008. A bench trial was conducted on December 7, 2009.

Officer David McCant testified that he worked for the Signal Mountain Police Department in June 2008. He said that, on June 27, 2008, he and another officer responded to a burglar alarm call at Mrs. Bobyarchick's residence. He explained that burglar alarm calls usually occur when an alarm company notifies police dispatchers that a home's alarm system has been triggered. Officer McCant testified that he went around to the back of Mrs. Bobyarchick's house and observed the Defendant at the back door. He said that the Defendant was wearing gloves for yard work and a "fanny pack." Officer McCant testified that he searched the Defendant's "fanny pack" and that it contained several screwdrivers, a plastic bag, and some breath mints. He recalled that the door at which he found the Defendant had some marks on it, such that it was cut or pried with a "[s]crewdriver or something of that nature."

Officer McCant stated that the Defendant told the officers that he was the owner of the house. However, he said that once the Defendant told them his name, they knew that the Defendant was not supposed to be at the house. Officer McCant explained,

> We had an order of protection hanging on the wall at the police department, all of us were made aware of it, because we'd had several alarm calls out there. We were made aware of it to keep an eye on the house and make sure that [sic] didn't find [the Defendant] out there.

Officer McCant testified that the Defendant told the officers that he had parked his vehicle in another location and had walked through the woods to the house. Officer McCant said that he searched the Defendant's vehicle and found a "to-do" list. He described, "On the to-do list, down at the bottom, it said break in the house."

---

[1] The amended Order of Protection is not in the record, but it is mentioned in the May 21, 2008 extension of the Order of Protection. Sandra Bott, Mrs. Bobyarchick's attorney, recalled that the June 4, 2007 amendment "went back and made it expire within a year, because [sic] felt there needed to be a definite expiration date."

Sandra Bott, Mrs. Bobyarchick's attorney, testified that the Defendant's and her client's divorce was finalized in September 2008. She recalled that the incident for which the Defendant was on trial occurred approximately three days before the divorce trial was set to commence.

The Defendant testified that he rode his bike to Mrs. Bobyarchick's house and that his "fanny pack" contained a screwdriver, a pair of pliers, and a tool to change his tire. He stated that he thought the Order of Protection had expired and went to the house to obtain documents he wanted to present in his divorce trial.

The State recalled Officer McCant, and he testified that he did not see a bicycle at Mrs. Bobyarchick's house on the day in question.

On January 29, 2010, the trial court found the Defendant guilty of the offense for which he was charged and sentenced him to eleven months and twenty-nine days on probation, following the completion of sixty days in jail. The Defendant now appeals.

**Analysis**

The Defendant asserts that, in the Order of Protection, the circuit court did not make any specific findings of fact that he committed domestic abuse, sexual assault, or stalking, and, therefore, he could not be convicted of violating the Order of Protection pursuant to Tennessee Code Annotated section 39-13-113(f)(3) because the State did not prove all of the required elements. The State argues that the Order of Protection does indeed contain a specific finding that the Defendant committed domestic abuse as defined by statute.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

In pertinent part, Tennessee Code Annotated section 39-13-113, entitled "Violation of an order of protection or restraining order," states as follows:

> In order to constitute a violation of this section:
> (1) The person must have received notice of the request for an order of protection or restraining order;
> (2) The person must have had an opportunity to appear and be heard in connection with the order of protection or restraining order; and
> (3) *The court made specific findings of fact in the order of protection or restraining order that the person committed domestic abuse, sexual assault or stalking* as defined in § 36-3-601.

Tenn. Code Ann. § 39-13-113(f) (emphasis added). "'Domestic abuse' means committing abuse against a victim, as defined in subdivision (5)," and subdivision (5) explains that a "domestic abuse victim" includes "[a]dults or minors who are current or former spouses." Tenn. Code Ann. § 36-3-601(4), (5)(A). Finally, we note that

> *"Abuse" means* inflicting, or attempting to inflict, physical injury on an adult or minor by other than accidental means, *placing an adult or minor in fear of physical harm*, physical restraint, malicious damage to the personal property of the abused party, including inflicting, or attempting to inflict, physical injury on any animal owned, possessed, leased, kept, or held by an adult or minor, or placing an adult or minor in fear of physical harm to any animal owned, possessed, leased, kept, or held by the adult or minor.

Tenn. Code Ann. § 36-3-601(1) (emphasis added).

The portion of the Order of Protection at issue in this appeal states as follows:

**THE COURT FURTHER FINDS** Respondent has committed against Petitioner the following (**STRIKE OUT FINDINGS THAT DO NOT APPLY.**)

1. ~~Domestic Abuse in that Respondent committed the acts alleged in the Petition~~, the Court thereby adopting the alleged acts as findings of fact and incorporating the same by reference; OR committed the following acts:

2. ~~Stalking.~~

3. ~~Sexual Assault~~.

4. Petitioner possesses a reasonable fear for her safety.

Respondent represents a credible threat to the physical safety of Petitioner. Respondent received actual notice of the hearing, and had an opportunity to participate in the hearing.

Although the circuit court's striking out of the first clause, stating "Domestic Abuse in that Respondent committed the acts alleged in the Petition" is somewhat ambiguous, it is clear that the circuit court made the specific finding that "Petitioner possesses a reasonable fear for her safety." Moreover, the circuit court found that the Defendant "represents a credible threat to the physical safety of Petitioner." Thus, we reject the Defendant's argument that it was improper to convict him under Tennessee Code Annotated section 39-13-113 because the circuit court did not make the required specific findings of fact in the Order of Protection. We conclude that the circuit court did find that the Defendant committed "domestic abuse" because the Defendant and Mrs. Bobyarchick were "current or former spouses," see Tennessee Code Annotated section 36-3-601(5)(A), and "abuse" occurred when the Defendant placed Mrs. Bobyarchick in fear for her safety, see Tennessee Code Annotated section 36-3-601(1). The Defendant is not entitled to relief on this issue.

**Conclusion**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE