# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs February 5, 2013

## STATE OF TENNESSEE v. DAVID LAMONT SIMPSON

**Direct Appeal from the Circuit Court for Obion County**
**No. CC-11-CR-8     William B. Acree, Jr., Judge**

---

**No. W2012-00292-CCA-R3-CD  -  Filed February 22, 2013**

---

The defendant, David Lamont Simpson, was convicted of one count of aggravated robbery, a Class B felony. Thereafter, he was sentenced to a term of fifteen years, to be served at 100%, in the Department of Correction. On appeal, he contends that the evidence is insufficient to support his conviction. Because the defendant failed to file a transcript of the evidence on appeal, he is entitled to no relief, and the judgment of conviction is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, David Lamont Simpson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Jim Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural History and Factual Background

The only information contained in the record regarding the facts underlying the defendant's conviction are contained in the affidavit of complaint, which states:

On 12/21/10, the defendant did enter the Mexican Grocery located at 1207 E Main St, Union City, Obion County, Tennessee, along with a co-defendant with the intention of robbing the store. The defendant did stand at the back door and act as a look-out to warn of any police presence in the area. The co-defendant did have a rifle during the robbery. Taken were three Ziplock bags full of change. Affiant did observe the two defendants getting into a vehicle and did stop the vehicle, observing the Ziplock bags and a large amount of change on the seat with the defendants. The defendant . . . was advised of his legal rights, which he waived, confessing to the above.

Based upon these acts, the defendant, along with his co-defendant, was indicted by an Obion County grand jury for one count of aggravated robbery. Following a jury trial, the defendant was convicted as charged and subsequently sentenced to fifteen years at 100% in the Department of Correction. The defendant, through counsel, filed a motion for new trial challenging only the sufficiency of the evidence. Following the denial of that motion on January 4, 2012, the defendant filed notice of appeal with this court on February 6, 2012.

**Analysis**

On appeal, the defendant raises the single issue of sufficiency of the evidence. The defendant, citing to the trial transcript, asserts that the testimony of two witnesses on cross-examination support his argument that the jury could not have found him guilty beyond a reasonable doubt of aggravated robbery.

In evaluating the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "A guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). The appellate court may not reweigh the evidence and may not substitute its inferences for those drawn by the trier of fact. *State v. Hall*, 8 S.W.3d 593, 599 (Tenn. 1999). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences to be drawn from it. *State v. Evans*, 108 S.W.3d 231, 237 (Tenn. 2003). "Because a verdict of guilt removes the presumption of innocence and imposes a presumption of guilt, the burden shifts to Defendant upon conviction to show why the evidence is insufficient to support the verdict." *State v. Thacker*, 164 S.W.3d 208, 221 (Tenn. 2005).

As an initial matter, it appears from the record that the defendant filed an untimely

notice of appeal in this case. A notice of appeal must be filed within thirty days after the date of the entry of the judgment appealed from. Tenn. R. App. P. 4(a). In this case, the motion for new trial was denied on January 4, 2012, and the notice of appeal was not filed until February 6, 2012, some thirty-three days later. No explanation for the late-filing is contained in the record. We are aware that "in all criminal cases, the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *Id*. However, even if we were to grant a largesse and excuse the untimely filing and his neglect in failing to explain that failure, the defendant would still be precluded from establishing his burden of proof in this case.

As pointed out by the State, "in the absence of a verbatim transcript of the evidence, the [defendant] cannot show that the evidence is legally insufficient to support the jury verdict." A complete record on appeal is necessary for adequate appellate review, and, in the absence of an adequate record, this court "must conclusively presume that the ruling of the trial court . . . was correct." *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988); *see also* Tenn. R. App. P. 24(b). "Where the record is incomplete and does not contain . . . portions of the record upon which the party relies, an appellate court is precluded from considering the issue." *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993). Moreover, the rules of appellate procedure clearly placed upon the defendant, as the appealing party, the duty of preparing an adequate record. Tenn. R. App. P. 24(b).

Despite references to the transcript in the defendant's brief, no transcript is contained within the record before us. A notice from the Obion County Circuit Court Clerk is contained in the record certifying that no transcript had been filed with the court as of April 6, 2012. No reason is given in the record for the omission, nor does the record contain a statement of the evidence prepared by the defendant. *See* Tenn. R. App. P. 24(c). As such, we are simply unable to review the sufficiency of the evidence in the case, and we must presume that the trial court's determination was correct. *See State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). The defendant is not entitled to relief, as, on this record, he has failed to show why the evidence is insufficient to support the jury's verdict.

## CONCLUSION

Based upon the foregoing, the judgment of conviction is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE