IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 28, 2018

**BRENT ALLEN BLYE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County**
**No. C67463   William K. Rogers, Judge**

_____

**No. E2017-02176-CCA-R3-PC**

_____

In 2006, the Petitioner, Brent Allen Blye, was convicted by a jury of various drug offenses, and later entered guilty pleas to several other unrelated offenses, for which he received an effective sentence of thirty years' confinement. State v. Brent Allen Blye, No. E2008-00976-CCA-R3-CD, 2011 WL 529515, at *1 (Tenn. Crim. App. Feb. 14, 2011), perm. app. denied (Tenn. May 25, 2011). On direct appeal, this court determined that the issues raised pertaining to his jury convictions were waived based on trial counsel's failure to timely file a motion for new trial and reviewed those convictions for sufficiency of the evidence only. His remaining issues, pertaining to his guilty pleas, were reviewed and affirmed. The Petitioner later filed a post-conviction petition seeking relief based on trial counsel's failure to timely file a motion for new trial and ineffective assistance of trial counsel based on failure to assert a certain defense theory. After conducting a full evidentiary hearing as to both issues, the post-conviction court denied relief, a decision which was later reversed, in part, by this court. Brent A. Blye v. State, No. E2012-02626-CCA-R3-PC, 2013 WL 3973468 (Tenn. Crim. App. Aug. 5, 2013), no perm. app. filed. In that case, this court remanded to the post-conviction court on the issue of the delayed appeal, id. at *12; however, we affirmed the court's denial of the Petitioner's claim of ineffective assistance of trial counsel based on his failure to pursue a certain defense theory. The Petitioner was granted a delayed appeal on remand and filed a timely motion for new trial, which was denied by the trial court. Upon review of the delayed appeal, we affirmed the Petitioner's felony drug convictions, but reversed and remanded his misdemeanor drug convictions for a new trial. State v. Brent Allen Blye, No. E2014-00220-CCA-R3-CD, 2015 WL 4575279 (Tenn. Crim. App. July 30, 2015), perm. app. denied (Tenn. Jan. 14, 2016). The Petitioner subsequently filed a "second" petition for post-conviction relief, the subject of this appeal, alleging ineffective assistance of trial counsel, which was summarily dismissed by the post-conviction court. After an exhaustive review of the record and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the Petitioner, Brent Allen Blye.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Barry P. Staubus, District Attorney General; and William B. Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

As outlined above, this case has an extensive procedural history, a review of which is necessary for the resolution of the issue presented. In 2011, the Petitioner filed his first pro se petition for post-conviction relief raising six grounds for relief including that the trial court erred in allowing inadmissible hearsay, the trial court erred in not properly awarding pre-trial jail credit, and ineffective assistance of trial counsel based on the failure to (1) file a motion for new trial; (2) request a continuance to subpoena the co-defendant's civil attorney, a purportedly crucial witness; (3) object during a detective's testimony concerning drugs seized from Ms. Collier's (co-defendant) hotel room; and (4) file a motion to suppress evidence during an unconstitutional search and seizure. He was subsequently appointed counsel, and an amended petition for post-conviction relief was filed incorporating the original pro se petition.[1]

On November 5, 2012, the original post-conviction court held an evidentiary hearing, at which trial counsel (for the jury convictions) and the Petitioner testified.[2] By way of introductory remarks, original post-conviction counsel advised the court that "the real issue" was whether the Petitioner was entitled to a delayed motion for new trial. Original post-conviction counsel further advised that he was proceeding on the issue of ineffective assistance of trial counsel in failing to secure a material witness. During trial counsel's testimony, the State conceded that trial counsel filed an untimely motion for new trial, and trial counsel's testimony consisted primarily of his explanation in failing to do so. Trial counsel additionally testified that he did not believe a defense theory of

---

[1] We are compelled to note that the Petitioner has been appointed multiple lawyers throughout this case. Significantly, the first lawyer appointed for purposes of post-conviction relief withdrew because the Petitioner "insist[ed] on inclusion of an issue in his Post-Conviction Appeal Petition that his counsel believes to be not proper under the Tenn. Code Ann. § 40-30-103."

[2] We obtained, reviewed, and take judicial notice of the full record in this case including the original post-conviction hearing and order denying the Petitioner relief.

simple possession was plausible given the amount of drugs involved, that his defense was that the drugs belonged to the co-defendant, and that when he questioned her outside the jury's presence she invoked the Fifth Amendment. The co-defendant had apparently received a substantial civil settlement, for which her attorney could attest, and trial counsel declined to call him as a witness. Finally, trial counsel testified regarding what he advised the Petitioner as to the proper allocation of pre-trial jail credit.

The Petitioner's testimony was limited to his intent to file a motion for new trial, discussions with trial counsel concerning plausible defense theories, his directive to trial counsel to subpoena co-defendant's civil attorney concerning her recent settlement monies, and his understanding of his pre-trial jail credit. Given the absence of proof on the issue, the original post-conviction court inquired, "You going to abandon your issue on search and seizure?" To which original post-conviction counsel replied, "Yes."

The original post-conviction court denied relief by written order as to the Petitioner's request for a delayed appeal and did not stay its ruling pertaining to the Petitioner's ineffective assistance of counsel claim. The original post-conviction court determined, in pertinent part, that the Petitioner withdrew his issues pertaining to trial counsel's failure to file a motion to suppress, that the Petitioner received effective counsel at trial because his co-defendant invoked the Fifth Amendment as was her right, subpoenaing co-defendant's civil attorney would not have entitled Petitioner relief, and that trial counsel properly discussed trial strategy with the Petitioner.

The Petitioner appealed the original post-conviction court's denial of relief, and this court reversed the original post-conviction court's order in part and remanded for specific findings of fact relative to the delayed appeal. Brent A. Blye, 2013 WL 3973468, at *1. However, citing Rule 28, Section 9(D)(2)(a) of the Rules of the Tennessee Supreme Court, this court also reviewed the Petitioner's ineffective assistance of counsel claim and noted that we were required to "'resolve this issue along with any other issues raised in the post-conviction appeal;' [and] should this court 'grant a delayed appeal, the post-conviction appeal shall not be stayed.'" Id. at *12, n.1. Significantly, this court cautioned "that in proceeding this way, if a delayed appeal was granted by the post-conviction court, the Petitioner *will not be allowed to amend or refile a new post-conviction petition regarding any issues which might arise during that delayed appeal.*" Id. (emphasis added). We then affirmed the post-conviction court's determination that trial counsel was not ineffective based on his failure to pursue a defense theory of simple possession. Id.

The Petitioner was eventually permitted to file a proper motion for new trial, which enabled him to pursue first and second tier review of whether the trial court (1) erred in restricting his cross-examination of a witness; (2) improperly admitted testimony

regarding the value of drugs found in the hotel room; and (3) improperly instructed the jury on lesser included offenses. See Brent Allen Blye, 2015 WL 4575279. We affirmed the Petitioner's conviction for possession of twenty-six grams or more of cocaine with the intent to sell or deliver, reversed the Petitioner's convictions for possession of dihydrocodeinone and marijuana due to improper jury instructions, and remanded those cases for a new trial. Id. at *1, *10.

On December 7, 2016, the Petitioner filed his "second" petition for post-conviction relief, the subject of this appeal, alleging his convictions were based on an illegal arrest and that trial counsel was ineffective for (1) failure to file a motion to suppress evidence from an illegal search of his jacket; (2) failure to challenge the Petitioner's arrest warrant; and (3) failure of original post-conviction counsel to challenge Judge Robert Montgomery, Jr.'s presence on this court's panel on delayed appeal. On January 20, 2017, the post-conviction court summarily dismissed the petition without a hearing or appointment of counsel. On February 8, 2017, the post-conviction court set aside its order as to the Petitioner's claim that evidence should have been suppressed due to the illegal search of his jacket and allowed appointed counsel to file an amended petition for post-conviction relief. On July 14, 2017, appointed counsel filed an amended petition, alleging in more detail that trial counsel was ineffective in failing to file a motion to suppress the evidence found during an illegal search of the Petitioner's person and hotel room. The State responded that the Petitioner was barred from filing a second or amended petition for post-conviction relief pursuant to this court's decision in his first post-conviction appeal, Brent Allen Blye, 2013 WL 3973468, at *12, n.1. The State further asserted that the Petitioner waived any ineffective assistance claims by failing to include them in his first petition for post-conviction relief.

On September 25, 2017, the post-conviction court summarily dismissed the Defendant's second petition for post-conviction relief, finding that "[i]t is well-established that the law favors only one post-conviction petition" and that "the issue that he has raised in the current petition was initially raised and addressed in his first direct appeal." See Brent Allen Blye, 2011 WL 529515, at *1. The court determined that the "Petitioner's failure to pursue the issue at his later direct appeal (2015) constitutes a waiver of the issue" and "Tennessee Code Annotated [section] 40-30-102 clearly states that no more than one (1) petition may be filed 'attacking a single judgment.'" It is from this judgment that the Petitioner now appeals.

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court erred in summarily dismissing his petition for post-conviction relief and that the court "improperly denied him the opportunity to litigate [his] claims" of ineffective assistance of counsel.

Alternatively, the Petitioner asserts that the post-conviction court should have construed his second petition as "a petition to re-open his initial post-conviction petition" in accordance with Tennessee Code Annotated section 40-30-117(a)(4). In response, the State contends that the post-conviction court properly dismissed the instant petition because the Petitioner already filed one petition for post-conviction relief, his issues have already been litigated, and he "present[s] no claims of newly-recognized constitutional rights, new scientific evidence, or invalidated prior conviction." Moreover, the State asserts that this court limited the Petitioner's claims by concluding that "if a delayed appeal is granted by the post-conviction court, the [P]etitioner will not be allowed to amend or refile a new post-conviction petition regarding any issues which might arise during that delayed appeal." Brent Allen Blye, 2013 WL 3973468, at *12, n.1. For the reasons that follow, we conclude that summary dismissal of the petition was proper.

At the root of the Petitioner's grievance in this appeal is the original post-conviction court's failure to stay the portion of the Petitioner's first petition for post-conviction relief claiming ineffective assistance of counsel unrelated to the delayed appeal. We acknowledge, as argued by the State, that Rule 28 originally gave trial courts the discretion to bifurcate post-conviction proceedings in which dual relief in the form of a delayed appeal and a new trial based on ineffective assistance of counsel is requested in the same petition. However, in 2009, two years before the Petitioner filed his first petition for post-conviction relief, Section 8(D)(3) of Rule 28 was amended to provide as follows:

> In the event the petitioner alleges [he] was unconstitutionally deprived of an appeal and was also entitled to relief on other grounds, the court _**shall**_ bifurcate the proceedings and determine first whether petitioner was denied an appeal, while holding the other claims in abeyance. Those claims _**shall**_ be considered after the outcome of the delayed appeal, if allowed, or after the appeal of the claim, if denied.

Tenn. Sup. Ct. R. 28, § 8(D)(3) (emphasis added). This court has explained that "[t]he rule contemplates that the post-conviction court will hear proof on all post-conviction issues raised by the petition, although the trial judge is required to hold in abeyance its rulings on all issues other than the delayed appeal." State v. Howard Lee Coleman, No. W2006-02601-CCA-R3-PC, 2007 WL 1651882, at *6 (Tenn. Crim. App. June 7, 2007). By holding the remainder of a petitioner's post-conviction claims in abeyance, "the petitioner may amend the original petition to challenge any 'new issues cognizable in a post-conviction proceeding result [ing] from the handling of the delayed appeal.'" Id. (quoting Tenn. Sup. Ct. R. 28, § 9(D)(3)(a)). In the instant case, the original post-conviction court did not comply with the dictates of Supreme Court Rule 28.

- 5 -

Upon receipt of the Petitioner's first petition for post-conviction relief, the original post-conviction court should have first determined whether the Petitioner was entitled to a delayed appeal. Further, the original post-conviction court should have held its ruling on the Petitioner's other ineffective assistance of counsel issues in abeyance. In failing to bifurcate the proceedings as required by Rule 28, the original post-conviction court erred. The original post-conviction court's error was then compounded on appeal to this court because we were bound by Section 9(D)(2)(a) of Rule 28, which has no stay provision, to consider and resolve the denial of the delayed appeal and the Petitioner's ineffective assistance of counsel claim.

We must now determine the effect, if any, of the original post-conviction court's failure to comply with the procedures of Rule 28. Rule 28 contemplates that the post-conviction court will hear proof on all post-conviction issues raised by the petition, although the trial judge is required to hold in abeyance its rulings on all issues other than the delayed appeal. Howard Lee Coleman, 2007 WL 1651882, at *6; Tenn. Sup. Ct. R. 28, § 9(D)(1)(b). The rule further provides that following the disposition of the direct appeal, the petitioner may amend the original petition to challenge any "new issues cognizable in a post-conviction proceeding result[ing] from the handling of the delayed appeal." Id. (citing Tenn. Sup. Ct. R. 28, § 9(D)(3)(a); see also State v. Evans, 108 S.W.3d 231 (Tenn. 2003)). This rule has the practical effect of allowing a petitioner to challenge the effectiveness of appellate counsel on direct appeal. Id.

With the above law in mind, we conclude that the post-conviction court properly denied relief. After the grant of the delayed appeal, the Petitioner was appointed counsel, filed a proper motion for new trial, and received first and second tier appellate review. Significantly, none of the issues raised in the Petitioner's subsequent or "second" petition for post-conviction relief challenge the effectiveness of appellate counsel for the delayed appeal or raise any issue relative to the delayed appeal. While it is arguable that the Petitioner's claim that post-conviction counsel was ineffective in failing to challenge Judge Robert Montgomery Jr.'s presence on the delayed appeal, that panel decision was withdrawn, reissued showing Judge Montgomery not participating, and denied the Petitioner relief. Moreover, in regard to the ineffective assistance of counsel claims included in the "second" petition, a close review of the original post-conviction hearing shows that the Petitioner abandoned his ineffective assistance of counsel claim relative to search and seizure. The original post-conviction court inquired, "You going to abandon your issue on search and seizure?" To which original post-conviction counsel replied, "Yes." The original post-conviction court's order denying relief as to this issue explicitly states that this issue was withdrawn. Accordingly, the Petitioner's ineffective assistance of counsel claim has been previously determined. Tenn. Code Ann. § 40-30-106(h) ("A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the

- 6 -

petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence."); see also House v. State, 911 S.W.2d 705, 712 (Tenn. 1995) ("Tennessee courts have long adhered to the rule that a claim of ineffective assistance of counsel in a previous post-conviction proceeding is not cognizable as a basis for relief in a subsequent post-conviction action.").

To the extent that the Petitioner now attempts to base his ineffective assistance of counsel claim on different grounds in his "second" petition, we further conclude that it is waived. Tenn. Code Ann. § 40-30-106(g) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented[.]"). In our view, we fail to see why these grounds were not included in the original petition for post-conviction relief. The stay provision of Rule 28, Section 8(D)(3) does not function as a delay tactic for a petitioner to raise new issues that could have been previously included in his original petition for post-conviction relief. Rather, the post-conviction court is directed to hold only its ruling on claims *already included in the petition* in abeyance. Accordingly, the original post-conviction court's procedural error in prematurely issuing a ruling on the Petitioner's ineffective assistance of trial counsel claim did not impact the Petitioner's case, and he is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. MCMULLEN, JUDGE

- 7 -